**JONES, Plaintiff-Appellant, v. GAREK et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

Nos. 5124, 5125. Decided November 10, 1954.

Robert M. Draper, Columbus, for plaintiff-appellant.

Chalmers P. Wylie, City Atty., J. Russell Leach, Asst. City Atty., Columbus, for defendants-appellees.

(MONTGOMERY, PJ, of the Fifth District, GRIFFITH, J, NICHOLS, J, of the Seventh District, sitting by designation in the Second District.)

## OPINION

By NICHOLS, J.

The factual presentation and argument in these two appeals has been combined in view of the fact that their history is almost identical and the problems presented to the Court of Appeals are exactly the same.

John L. Jones, appellant, for many years was a member of the Division of Fire, Department of Public Safety, in the City of Columbus. He was first reduced from the position of lieutenant in the Division of Fire to the position of fire fighter in the same division, and such order was sustained by the Civil Service Commission of the City of Columbus. Jones was later removed from the position of fire fighter and the order of removal was sustained by the Civil Service Commission. Notices of appeal from both of these orders were duly filed with the Civil Service Commission and the Common Pleas Court, each of such notices of appeal stating that the appeal was on questions of law and fact. In each case bond was set by the court and furnished by the appellant. In neither case was the transcript of the record of the proceedings of the Civil Service Commission, brief, assignments of error or bill of exceptions filed in the Court of Common Pleas.

Upon motion of the appellees, appeals in both cases were dismissed by the Court of Common Pleas for violation of Rule XXI of its Rules of Practice. It is these rulings of the said court that are being questioned by the appeals to this Court of Appeals. The rules of the Common Pleas Court upon which that court dismissed these appeals are as follows:

"Rule Day for Fling Briefs, Assignments of Error and Bill of Exceptions on Appeal on Questions of Law to the Common Pleas Court.

"Unless otherwise provided by statute or ordered by the Court or a Judge thereof, briefs, assignments of error and bills of exceptions shall be filed as follows in all cases on appeal on questions of law to the Common Pleas Court:

"Counsel for appellant shall, within thirty (30) days after filing notice of intention to appeal, file with the clerk his assignments of error and brief and bill of exceptions.

"Upon failure of the appellant to file his assignment of error, briefs, or bill of exceptions, as herein required, unless good cause be shown to the contrary, the cause will be dismissed for want of prosecution, or otherwise disposed of at the discretion of the Court."

The simple question presented to this Court of Appeals is whether

the rules of the Common Pleas Court above set forth are in conflict with the provisions of the Appellate Procedure Act and other laws of the State of Ohio. If they are in conflict, then the statutory provisions must prevail; otherwise the Common Pleas Court would not be in error in dismissing the appeals in accordance with its own rules. This necessitates a recitation of the applicable provisions of the General Code of Ohio, now the Revised Code. From an examination of such applicable provisions it is clear that the only jurisdictional requirement for an appeal from a commission, such as the Civil Service Commission of Columbus, to the Common Pleas Court is the filing of a notice of appeal within the time prescribed. There is no question of time involved in this case. The notices of appeal on questions of law and fact were filed in time. By the language of §12223-4 GC, now §2505.04 R. C., the appeal was duly perfected and no subsequent steps shall be deemed jurisdictional. The solution of the problem presented here is dependent upon the correct construction of the language used in §§12223-4, 12223-6 GC, now §2504.06 R. C., and §12223-22 GC, now §2505.23 R. C. Sec. 12223-22 GC, provides:

"Appeals on questions of law and fact may be taken from any court, tribunal, commission, or officer to any court of record as may be provided by law.

"Whenever an appeal on questions of law and fact is taken in a case in which it is determined by the appellate court that the appellant is not permitted to retry the facts, the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law."

Sec. 2505.04 R. C., provides:

"An appeal is perfected when written notice of appeal is filed with the lower court, tribunal, officer, or commission. * * *"

Sec. 12223-6 GC, now §2505.06 R. C., provides that no appeal shall be effective as upon questions of law and fact until the order, judgment, or decree appealed from is superseded by a bond. Bond was given upon these appeals.

Sec. 12223-23 GC, now §2504.24 R. C., provides:

"A judgment rendered or final order made by a justice of the peace or any other tribunal, board, or officer, exercising judicial functions, and inferior to the court of common pleas, may be reversed, vacated, or modified by the court of common pleas upon an appeal on questions of law."

On appeal from the Civil Service Commission to the Court of Common Pleas the appellant was not permitted to retry the facts, but in accordance with §2505.23 R. C., the duty was upon the court to which the appeal is prosecuted to determine whether the appellant is or is not permitted to retry the facts. The order of the Commission was not made in a chancery case and therefore the appellant was not permitted to retry the facts in the Common Pleas Court, but the Section provides that the appeal shall not be dismissed but it shall stand for hearing on appeal on questions of law. The confusion in this case arises from the fact that §2505.23 R. C., uses the words "appellate court" and it is therefore the claim of the appellee upon the hearing in this Court of Appeals that only the Court of Appeals may determine that the appellant is not permitted to retry the facts. With this contention we are not in

accord. By the use of the words "appellate court" the Legislature intended the court to which the appeal is prosecuted by the filing of a notice of appeal. Otherwise, there would be no meaning to the quoted provisions of §2505.24 R. C., which provides that a judgment rendered by a tribunal, board, or officer, exercising judicial functions, and inferior to the Court of Common Pleas, may be reversed, vacated, or modified by the Court of Common Pleas upon an appeal on questions of law.

Sec. 11564 GC, now §2321.05 R. C., provides, among other matters, as follows:

"* * * Whenever an appeal is taken on questions of law and fact and the court of appeals determines that the case cannot be heard upon the facts and no bill of exceptions has been filed in the cause, the court of appeals shall fix the time, not to exceed thirty days, for the preparation and settlement of a bill of exceptions."

Here it is noticed that the words "court of appeals" are used instead of the words "appellate court." Unfortunately, in referring to the provisions of §11564 GC, the Supreme Court in the case of **Loos v. W. & L. E. Ry. Co.,** 134 Oh St 321, at page 325, capitalized the word "court" and the word "appeals" when no such capital letters appear in the section. This was doubtless due to the action of the court reporter in copying the provisions of that section, and on his own motion capitalizing the word "court" and the word "appeals," and thereby making it appear that the appellate court mentioned in §2505.23 R. C., was confined solely to the court of appeals as a separate institution. It is clear to this court that the legislative provisions applying to these appeals mean that the court to which the appeal is taken is the appellate court which shall determine whether the appellant is entitled to retry his case upon the facts de novo, and having determined that it is not so triable the court to which the appeal is taken shall not dismiss the appeal but shall retain the same upon questions of law and shall grant to the appellant not to exceed thirty days in which to file his transcript, briefs and bill of exceptions.

It is therefore the finding of this court that the rules of the common pleas court above set forth, under which that court acted in these cases, are in direct conflict with the Code provisions applicable in these cases and such rules are invalid and did not authorize the common pleas court to dismiss the appeals on questions of law.

Reference is made to the cases of **Sorgi v. Sutton, 159 Oh St 574; Bauer v. Grinstead, 142 Oh St 56; Loos v. Wheeling and Lake Erie Railroad, 134 Oh St 321; Bennett v. Bennett, 134 Oh St 330.**

The judgment of the Common Pleas Court in each case is reversed and the cause remanded to that court with instructions to retain these appeals on questions of law only and to grant the appellant not to exceed thirty days in which to file his transcripts, briefs and bill of exceptions.

Judgment reversed.

MONTGOMERY, PJ, GRIFFITH, J, concur.