**DORSEY, Plaintiff-Appellant, v. PEARCE, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5490.   Decided October 22, 1956.

James F. Little, Columbus, for plaintiff-appellant.
Robert R. Shaw, Columbus, for defendant-appellee.

## OPINION

By MILLER, PJ.

This is a law appeal from a judgment of the Municipal Court of Columbus, Ohio, in favor of the defendant for costs of suit.

The record reveals that the action was instituted on October 27, 1949, seeking restitution of certain real property and also damages in the sum of one hundred dollars, incurred by the plaintiff by reason of the "unlawful and forcible detention of said premises." It appears that service of process was duly had, but no answer was filed within rule and that on November 4, 1949, a default judgment was rendered for the plaintiff for restitution of the premises and also for damages in the sum of one hundred dollars and costs. This judgment, however, was vacated on the same day by virtue of the following order:

"Above judgment of this date, 11/4/49, is hereby ordered vacated and held for naught; case to be reassigned * * *." etc. Counsel for the appellant urges that since it does not appear that a motion was filed to vacate said default judgment that the same should not have been vacated and that to do so constituted prejudicial error. It is a fundamental principle of law that a court retains jurisdiction over its own orders during term and the presumption of regularity attends, that it acted upon good cause being shown. Counsel relies upon §11634 GC (§2325.04 R. C.), which requires that a proceeding to correct mistake or omission of the clerk or irregularity in the obtaining of judgment shall be by motion. However, this section has reference to the vacating of a judgment after term under §2325.01 R. C. The error complained of was made during term. Hence, §2325.04 R. C., has no application to the facts here presented.

The record further reveals that on August 22, 1950, a default judgment was rendered for the plaintiff for eighty dollars and costs. No action was taken on this judgment until July 13, 1955, when an affidavit in aid of execution was filed. Shortly thereafter, on July 22, 1955, the defendant filed a petition to vacate said judgment. It is urged that proper service was not had upon the plaintiff, but he entered his appearance by filing a motion to strike the petition from the files for the reason that it was not properly verified. Therefore, he was properly before the court on the petition to vacate. The verification was in the following words: "Robert R. Shaw, being first duly sworn, deposes and says that he is attorney for the defendant herein; that the facts set forth in the foregoing petition are true as he verily believes." It is to be noted that the verification is by the attorney for the defendant, and that it does not aver that the facts are within the personal knowledge of the affiant. Such a verification is required by §2309.53 R. C., when it is made by an attorney of one of the parties. This motion was erroneously overruled. However, the plaintiff did not stand upon this error and permit final judgment to be ordered but waived the same by filing a demurrer to the petition, which was also overruled, then filing an answer to the petition to vacate. The same came on for hearing on October 10, 1955, at which time the court vacated the judgment and ordered the tendered answer filed. Plaintiff demurred to the answer which was overruled and again waived the error, if any, on said ruling on the demurrer by filing a reply on July 15, 1955. The case then came on for trial and on the pleadings and the evidence the court found for the defendant. No errors are assigned as having been committed during the course of the trial or that the judgment is not supported by the proper degree of proof. It should be noted that this judgment is the only one which had been entered on the merits of the case. Both of the prior default judgments for one hundred dollars and eighty dollars, respectively, were irregularly entered which is another reason why the petition to vacate judgment under §2325.01(C) R. C., should have been allowed. The second cause of action set forth in the plaintiff's petition was for damages in an unliquidated amount. Sec. 2311.12 R. C., does not authorize a default judgment on such a claim when the defendant is in default for answer. It will be noted that this section provides for a default judgment only

upon factual situations which differ from those in the instant case. In the case of Star Building & Loan Co. v. Smith Co., 12 Abs 162, the action was one for an unliquidated amount and the court held that the taking of default judgment for the same constituted an irregularity upon which the judgment might be vacated. The principle is well set forth in the syllabus, to wit:

"In an action sounding in tort, a judgment by default for the amount claimed in the petition is properly set aside on motion of the defendant at a succeeding term, where it appears that no damages were assessed in accordance with the provisions of §11593 GC."

We find no prejudicial error in the record and find further that substantial justice has been served.

The judgment will be affirmed.

HORNBECK and WISEMAN, JJ, concur.