GROOMS, ADMX., APPELLEE, *v.* PRESTON, APPELLANT.*

(No. 276—Decided June 3, 1960.)

*Messrs. Wilson, Wilson & Wilson,* for appellant.
*Messrs. Miller, Searl & Fitch,* for appellee.

RADCLIFF, J. This is an appeal from a judgment of the Common Pleas Court of Adams County overruling a motion to vacate a default judgment. The appellee in this case was the plaintiff in the trial court, and the appellant was the defendant therein. They will be referred to as such throughout this opinion. The litigation arises out of an automobile accident which occurred on July 15, 1958. Plaintiff's decedent was killed as a result of the accident, and plaintiff filed suit in the Common Pleas Court of Adams County on September 15, 1959. Personal service was had on the defendant the next day. The answer day was October 17, 1959. It is admitted that the defendant was in default from October 17, 1959, until after the judgment was taken. The plaintiff's attorney requested a special assignment

---

*Motion to certify the record overruled (36709), December 14, 1960.

of this case by the trial judge on October 30, 1959. The trial judge orally assigned the case for hearing on October 31, 1959. There was a hearing on October 31, 1959, attended by the plaintiff, her daughter, and her attorney, at the conclusion of which the trial judge granted judgment against the defendant in the sum of $20,000.

The defendant filed a motion to vacate the judgment on November 12, 1959, in the same term of court in which the default judgment was granted. The motion was set for hearing on December 10, 1959. The defendant tendered an answer at the time of the hearing. This hearing was transcribed by the court reporter and constitutes the bill of exceptions. On February 20, 1960, the trail judge overruled the motion to vacate, and from that judgment this appeal was perfected.

The basis for the appeal is that the trial judge abused his discretion in refusing to vacate the default judgment. This is the only ground upon which the action of the trial court may be attacked. The bill of exceptions reveals two additional facts, that there were pending actions for money only in which the issues were joined that were prior to this case on the docket of the Common Pleas Court of Adams County, and that there were negotiations being carried on between plaintiff's attorney and some representative of the defendant's insurance company prior to October 31. The exact nature and state of these negotiations is in dispute.

There are two means by which cases may be brought to trial in Ohio. The procedure, which is followed in Adams County, of Sections 2311.05 to 2311.13 of the Revised Code. The alternative is the use of an assignment commissioner, which system is not used in Adams County. It is necessary to include one section of the statutes involved, and that is Section 2311.07, the title of which is "Order of Hearing Cases," and which reads as follows:

"Cases in which there is an issue of fact or damages to be assessed shall be tried in the order in which they stand on the trial docket, unless by the consent of the parties, or by the order of the court, they are continued or placed at the end of the docket, or for good cause shown are especially assigned for trial or hearing out of their regular order. Actions for wages shall be first in order of trial."

As we have said, there were cases involving issues of fact

and damages pending on the docket in the Common Pleas Court of Adams County that were prior to the case before us. It is also admitted that there was no consent to a special assignment. There is no question in our mind that the trial judge, under the above quoted statute, has complete authority and control over the order in which cases are tried in his court. In order to exercise this authority it is necessary however to comply fully with the provisions of Section 2311.07. While the trial court had a perfect right to especially assign the case before us for trial on October 31, which it did orally, that court, being a court of record and speaking only from its journal, and the order being effective only from the date of its entry upon that journal, failed to comply with the mandatory provisions of especially assigning this case by entering its order on the journal. The failure of the trial judge to comply with the statute amounts to abuse of discretion. No purpose will be served by an extensive and lengthy opinion, but we do wish to make reference to the following cases which touch upon the provisions of Section 2311.07. They are: *Rackle* v. *Connors*, 84 Ohio St., 473; *Davis* v. *Teachnor*, 41 Ohio Law Abs., 199, *Modern Roofing & Siding Co.* v. *Boring*, 56 Ohio Law Abs., 488. The last two cases are decisions of the Court of Appeals of the Second Appellate District.

Section 2311.12 of the Revised Code controls the granting of judgments by default and there is a very interesting case having to do with the construction of that statute, *Dorsey* v. *Pearce*, 79 Ohio Law Abs., 92. The following authorities also have been examined: 32 Ohio Jurisprudence (2d), 244, Section 549; 39 Ohio Jurisprudence, 583, Section 15; and 30A American Jurisprudence, 605 *et seq.*, Section 631 *et seq.*

The Rules of the Court of Common Pleas of Adams County are found in Pollack, Ohio Court Rules Annotated, pages 105 to 109. The latest case controlling in the event of a conflict between court rules and statutory requirements in the assignment of cases is *Jones* v. *Garek*, 73 Ohio Law Abs., 38. It is pointed out however that there is no question of conflict between the rules and the statutes involved in this case.

The judgment herein appealed from must be, and hereby is, reversed, and this cause is remanded for further proceedings according to law.

*Judgment reversed.*

GILLEN, P. J., and COLLIER, J., concur.