THE STATE OF OHIO, APPELLEE, *v.* GENOVESE, APPELLANT.*

(No. 738—Decided March 10, 1964.)

*Mr. Fred V. Skok*, prosecuting attorney, for appellee.
*Messrs. Schnittger & Walker*, for appellant.

FRANCE, J. Defendant was tried and convicted in the Court of Common Pleas of Lake County. After sentence, he filed a notice of appeal on questions of law and fact. The notice was filed December 13, 1963; and a bill of exceptions was seasonably filed January 2, 1964. No assignments of error or brief was filed at that time or since. On February 6, 1964, the state moved to dismiss the appeal for failure of appellant to file briefs within the time limited by Section 2953.04, Revised Code.

Defendant apparently relies on the claimed rule that no law and fact appeal, denominated as such, can be dismissed but can only be reduced to one on questions of law alone and then must stand for hearing.

In *Loos* v. *Wheeling & Lake Erie Ry. Co.*, 134 Ohio St., 321, the Supreme Court applied the provisions of what are now Sections 2505.03 and 2321.05, Revised Code, in determining that, where a law and fact appeal was filed in a civil case, a bill of exceptions and briefs properly filed and the case argued and submitted, it is improper to dismiss the appeal merely for failure of the appellant to file an appeal bond.

The syllabus in that case recites:

---

*Motion to certify the record overruled (38798), September 23, 1964. Appeal dismissed, 177 Ohio St., 7.

"Whenever an appeal on questions of law and fact is filed in a case where an appeal on questions of law only should have been filed, *and the appeal otherwise complies with the provisions of Sections 12223-4 and 12223-5, General Code,* under the provisions of Section 12223-22 'the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law,' even though no bond was filed under the provisions of Section 12223-6, General Code." (Emphasis added.)

The rule in the *Loos case* was extended to civil cases in which a bill of exceptions and briefs were not timely filed in *Jones* v. *Garek*, 73 Ohio Law Abs., 38, a Franklin County Court of Appeals case in which two judges of this appellate district were sitting by assignment.

There are many sound reasons against extending such a rule to criminal cases, not the least of which is to be found in the widely differing language of the statutes governing the filing of bills of exceptions in civil and criminal cases. Great reliance was placed by Judge Gorman, speaking for the court in the *Loos case*, on the language of what is now Section 2321.05, Revised Code, which provides for the allowance of up to thirty days from the order reducing the appeal to one on law within which a bill of exceptions may be made up and presented to the Court of Appeals in civil cases. But Section 2945.65, Revised Code, the corresponding section which governs bills of exceptions in criminal cases, carries no similar provision. It provides for the delayed making up of bills of exceptions when the appeal is belatedly filed and must be taken by motion for leave, but it makes absolutely no provision for those cases in which the wrong type of appeal is filed, whether deliberately or otherwise.

A second reason for not extending such rule to criminal cases lies in the fact that an order reducing the criminal appeal to questions of law only would make absolutely no change in the obligation of appellant to file briefs. In a civil case, where a bill of exceptions has already been filed in a law and fact appeal it is to be refiled as of the date of reduction of the appeal to one on questions of law only. Rule V (D), Rules of Courts of Appeals. And the appellant in a civil case would have twenty days thereafter to file his brief. Rule VII A (2) (a). In a criminal case, Rule VII (C) (1) (a) accords him no such addi-

tional time and his briefs are due within thirty-five days after judgment and sentence. Rule VII (C) (1). He may of course, under this rule, request additional briefing time; but in this case he did not.

It would seem that, even if we were merely to reduce this criminal appeal to one on questions of law only, we would be under further obligation to dismiss the appeal on questions of law for failure of the appellant to file his briefs, and it appears rather uneconomic thus to cut off the dog's tail by inches. If we are obligated to reduce and thereafter to dismiss it as reduced, logic dictates that it should be dismissed in one operation.

A final reason lies in what might be called public policy. The slowness of the trial and appellate process in criminal cases, where this court visits each county only twice per year, is a subject of much deserved criticism. The law is slow enough in disposing of appeals in criminal cases even where counsel proceed without indulging in deliberate delaying tactics. The filing of a law and fact appeal in a criminal case is so patently wrong to any attorney who has read Chapter 2953, Revised Code, the chapter on criminal appeals, that it is difficult to believe that such an appeal could be filed for any purpose other than deliberate delay. If defendant believed his appeal had merit it seems odd that he has not, in more than two and one-half months, filed a brief or approached the court with application to extend his time for doing so for some good cause. In the absence of such filing or application we conclude that defendant has no desire to argue the merits of the conviction, but only to prolong his freedom on bond and to postpone execution of sentence as long as possible. This is an understandable objective, but not one we are required to view with sympathy.

The motion to dismiss appeal is hereby sustained.

*Motion sustained.*

BROWN, P. J., and JONES, J., concur.