HANNIGAN, Appellee,

v.

IRWIN et al., Appellants.

[Cite as *Hannigan v. Irwin* (1990), 64 Ohio App.3d 768.]

Court of Appeals of Ohio,
Lucas County.

No. L–89–137.

Decided Jan. 26, 1990.

*William E. Takacs,* for appellee.
*Alan R. Kirshner,* for appellants.

HANDWORK, Presiding Judge.

This is an appeal from the Toledo Municipal Court. At issue is the ability of a trial court to determine the order in which docketed cases will be heard.

Appellee, Patricia Hannigan, filed a complaint alleging a breach of contract. Appellants, Jeffery and Devonna Irwin, filed an answer, and the case was set for trial in the Toledo Municipal Court. A review of the civil trial docket from the Toledo Municipal Court on October 31, 1988 shows that: (1) this case, *Hannigan v. Irwin,* was one of ten civil cases docketed to be heard on October 31, 1988 at 9:00 a.m. in courtroom No. 6; and (2) *Hannigan v. Irwin* was the third case to appear on the docket.

Appellants and appellee arrived at the trial court on the morning of October 31, 1988. Both appellants and appellee were accompanied by their respective legal counsel. Appellee's counsel checked in with the bailiff at 8:30 a.m. Appellants' counsel checked in with the bailiff at 9:00 a.m. Appellants' counsel observed the bailiff had written the number one next to the caption of this case as it appeared on the docket sheet. Appellants' counsel inquired what the significance of the number was, and was told that *Hannigan v. Irwin* would be heard first, since appellee's counsel had been the first to check in with the bailiff of all the counsel who were appearing regarding the ten docketed cases. Appellants' counsel informed the bailiff that appellants' counsel had to attend two arraignments and one pretrial in the same courthouse, and that the pretrial was scheduled to occur at 9:15 a.m. Appellants' counsel asked the bailiff to call the other cases for trial first and informed the bailiff that appellants' counsel would return to the courtroom in approximately one hour. The bailiff responded that it would be unfair to appellee's counsel to call other cases first, to which appellants' counsel shrugged his shoulders. Appellants' counsel then left the courtroom.

At 9:20 a.m. the court commenced hearing cases. *Hannigan v. Irwin* was the first case to be called. The trial judge asked appellants where their counsel was, and they indicated they did not know. The trial judge then asked appellee's counsel whether appellants' counsel had spoken with appellee's counsel before leaving the courtroom and received a negative response. The trial judge told appellants they could go look for their counsel, but appellants declined the offer. Accordingly, the trial court proceeded to hear the evidence in *Hannigan v. Irwin* with appellants acting *pro se*. When appellants' counsel returned to the courtroom, the case had already been presented to the court and had been taken under advisement.

The court filed a journal entry on November 2, 1988 awarding appellee $1,320 and court costs. Appellants filed a request for separate findings of fact and conclusions of law. On December 8, 1988, the trial court found the motion for separate findings of fact and conclusions of law not well taken, as appellants failed to submit proposed findings of fact and conclusions of law after being ordered to do so by the trial court. Appellants filed an appeal to this court. The appeal was dismissed because the order appealed from was not final. Findings of fact and conclusions of law must be provided when timely requested. The trial court subsequently filed findings of fact and conclusions of law, and appellants filed this appeal.

Appellants have presented one assignment of error which reads as follows:

"I. The trial court erred by failing to follow the statute controlling the order for calling cases by:

"(A) Failing to follow the docket order and;

"(B) Failing to find good cause before advancing the case, *sub judice*, for trial, and;

"(C) Failing to journalize its decision to advance the case, *sub judice*, for trial."

The statute appellants refer to in their assignment of error is R.C. 2311.07. The text of R.C. 2311.07 is:

"Cases in which there is an issue of fact or damages to be assessed shall be tried in the order in which they stand on the trial docket, unless by the consent of parties, or by the order of the court, they are continued or placed at the end of the docket, or for good cause shown are especially assigned for trial or hearing out of their regular order. Actions for wages shall be first in order for trial."

Appellants urge this court to interpret R.C. 2311.07 as requiring a trial court to hear cases docketed for the same date and time only in the order in which the cases are listed on the docket sheet. Appellants contend that the order of cases heard can deviate from the order of cases listed on the docket sheet only in the following instance: the trial court makes a finding of good cause and makes a journal entry to indicate the change in order.

In support of this contention, appellants cite to a 1960 court of appeals case from Adams County, *Grooms v. Preston* (1960), 116 Ohio App. 390, 22 O.O.2d 225, 171 N.E.2d 176. In *Grooms*, the trial court agreed to set a case for hearing by special assignment. The trial judge then orally assigned the case for hearing and conducted the hearing on the date he had orally announced without ever journalizing the hearing date or notifying defendants' counsel. *Id.* at 391, 22 O.O.2d at 226, 171 N.E.2d at 177. The Court of Appeals for Adams County reversed the trial court's judgment for plaintiff, finding that the trial court had abused its discretion by violating R.C. 2311.07 when it "especially" assigned a case to be heard without "entering its order on the journal." *Id.* at 392, 22 O.O.2d at 226, 171 N.E.2d at 178.

Appellee argues that *Grooms* is not helpful in this case because the facts in *Grooms* and the facts in this case are considerably different. We agree with appellee. This case was not the subject of a special assignment. It was docketed through ordinary proceedings. Counsel for both parties in this case were notified of the hearing date and time, and on the morning of trial both counsel were informed that this case would be the first one called for hearing. Therefore, we must determine whether appellants' arguments have any merit simply by referring to the provisions of the statute in question, as this appears to be a case of first impression.

R.C. 2311.07 is only one statute among many which pertains to the procedure to be followed in docketing and hearing cases. By statute, the legislature of Ohio has designated some types of cases to be given priority when the schedule for hearings is established by the courts in which the cases are filed. See, *e.g.,* R.C. 2945.02 and 4121.29. Once all requirements are met, the clerk of court is responsible for assembling the docket. R.C. 2311.07 states that one particular set of cases, cases involving an issue of fact or damages, are to be " * * * tried in the order in which they stand on the trial docket * * * " with a few limited exceptions. Appellants argue that the phrase "the order in which they stand on the trial docket" must be construed to mean a trial court cannot deviate from the order in which the cases appear on the trial docket even in the instance where several cases are docketed for hearing on the same date at the same time. Appellants also argue that the few limited exceptions included in R.C. 2311.07 for deviating from the order of hearings listed on the trial docket apply to this situation. We cannot agree with either of appellants' arguments.

 Trial courts in Ohio have an inherent right to " * * * determine the order of trials, and to direct the method of their management, which is only surrendered by an express constitutional provision or legislative enactment." *Kiefer v. Clark Cty. Bd. of Commrs.* (1892), 4 Ohio N.P. 282, 283, 7 Ohio Dec. 31, 33. This inherent right to determine the order of trials extends to situations where several cases are docketed for hearing on the same date at the same time. Appellants have cited no constitutional or statutory provision which limits this inherent right, except for R.C. 2311.07. Under R.C. 2311.07, the only time a court is limited in determining the order of cases to be heard is when the court wishes to especially assign a case to be heard at a particular time or date when the case is not already docketed for that particular time or date. In that instance, the court must make a finding of good cause and enter the finding in the court's journal. See *Grooms v. Preston, supra,* 116 Ohio App. at 392, 22 O.O.2d at 226, 171 N.E.2d at 178. The facts of this case do not illustrate the above situation. Accordingly, the trial court did not abuse its discretion by hearing appellants' case first, even though the case was listed third on the docket sheet. Where several cases are listed on the docket sheet to be heard on the same date at the same time, the trial court has discretion to determine the order in which the cases will be heard. Appellants' sole assignment of error is not well taken. This court finds substantial justice has been done the parties complaining, and the judgment of the Toledo Municipal Court is affirmed. Appellants are ordered to pay the court costs of this appeal.

*Judgment affirmed.*

GLASSER and ABOOD, JJ., concur.