MEMORANDUM DECISION AND JUDGMENT ENTRY
This cause is before the court pursuant to an original action in prohibition filed by relators, Donald Lee Abner and more than eight hundred other persons, against respondent, Judge George Elliott. Relators are a group of workers who have allegedly been injured through exposure to asbestos and whose claims against various manufacturers, suppliers, installers and distributors of asbestos products are currently pending before respondent in a group of cases filed in the Butler County Court of Common Pleas. Respondent is a retired judge of the Butler County Court of Common Pleas sitting by assignment of the Chief Justice of the Supreme Court of Ohio to hear asbestos litigation claims.[1]
The essence of this case involves orders issued by respondent made as the result of alleged unethical preparation of witnesses by counsel for relators. On or about January 1996, relators filed approximately eight hundred eighty asbestos products liability cases against various defendants in the Butler County Court of Common Pleas. Pursuant to a scheduling order, the defendants began taking depositions of the relators (plaintiffs) in spring, 1997. As the depositions progressed, some infighting between counsel occurred as to issues such as whether plaintiffs' counsel should be permitted to confer with clients while depositions were in progress, and whether certain objections and related commentary by plaintiffs' counsel was improper because counsel was in effect testifying for the plaintiffs.
Based upon the alleged improper conduct during depositions, defense counsel filed a motion for protective order which was granted by respondent on May 28, 1997. The order directed plaintiffs' counsel, inter alia, not to make objections in a manner which served to "coach" witnesses and not to confer with witnesses during depositions about the subject matter of the deposition except for the purpose of deciding whether to assert a privilege. The order stated that "[a]ny conference which occurs pursuant to or in contravention of this order shall be an appropriate subject for inquiry by deposing counsel to determine if any witness-coaching has occurred and, if so, the nature and extent thereof."
On or about August 27, 1997, a document purportedly authored by a paralegal at Barron Budd, the law firm representing the plaintiffs in the underlying asbestos cases, was discovered during the deposition of an asbestos plaintiff in Texas. The document, entitled "Preparing For Your Deposition," contained advice to asbestos plaintiffs who were having their depositions taken, and included instructions which, according to the defendants, told the plaintiffs how they should answer certain deposition questions without regard to whether the answers were actually the truth.
On or about September 10, 1997, one of the defendants in the underlying case, Raymark Corporation, filed a motion to compel discovery, for protective order, and other relief based upon the "Preparing For Your Deposition" document. On September 23, 1997, respondent issued an order granting the motion in part. The order included the following:
 1. Defendants may inquire into and obtain discovery respecting allegedly improper preparation or coaching of witnesses by plaintiffs' counsel, and, or, plaintiffs' counsel's agents, representatives and employees.
 2. Defendants may redepose any plaintiff deposed prior to September 17, 1997 respecting alleged witness preparation and coaching.
 3. * * * [I]n any deposition taken after September 17, 1997 the matter of witness preparation and coaching shall be in an appropriate area of inquiry.
 4. Any purported invasion of attorney/client privilege shall be brought to the court's attention for in camera review.
 5. Plaintiffs, plaintiffs' counsel, their employees, agents, and, or, representatives are enjoined and restrained from destroying, altering, or modifying in any way any documents, materials, videos, photographs, or tangible things whatsoever which have been used, are intended to be used, or are available for use for the preparation of witnesses in this or in any other asbestos litigation involving plaintiffs' counsel. Such documents, materials, and tangible things shall be produced and made available for inspection, and, or, copying by defendants' counsel within ten (10) days after the date hereof. Any claim of privilege involving any such documents, material, or tangible thing, shall be submitted to the court for in camera inspection.
After the above order was issued, plaintiffs' counsel claimed that all of their witness preparation materials were privileged based upon the attorney/client privilege and the work product doctrine. No materials were produced for in camera review by respondent. Instead, plaintiffs' counsel filed a motion for reconsideration of the September 23, 1997 order. After a hearing, respondent filed an amended order on October 30, 1997. The amended order changed paragraph five of the original order to read as follows:
 5. Plaintiffs, plaintiffs' counsel, their employees, agents, and, or, representatives are enjoined and restrained from destroying, altering, or modifying in any way any documents, material, videos, photographs, or tangible things whatsoever which have been used, are intended to be used, or are available for use for the preparation of witnesses in any asbestos litigation pending in this county and in which Barron Budd represent plaintiffs. Such documents, materials, and tangible things shall be produced and made available for inspection, and, or, copying by defendants' counsel within ten (10) days after the date hereof. Any claim of privilege involving any such documents, materials, or tangible things shall be submitted to the court for in camera inspection. (Emphasis added.)
Notwithstanding the above orders, plaintiffs' counsel did not make any witness preparation documents available to the defendants or produce them for in camera examination by respondent. Additionally, at depositions plaintiffs' counsel instructed deponents not to answer questions about witness preparation. During a deposition on November 5, 1997, defense counsel contacted respondent by telephone and respondent overruled many of the objections to questions concerning witness preparation made by counsel. Nonetheless, counsel instructed the deponent not to answer the questions based upon grounds of attorney/client privilege and/or the work product doctrine.
Based upon the conduct of plaintiffs' counsel during the deposition as described above, and after holding a hearing on the matter, respondent issued an order granting the sanctions against the plaintiffs on December 24, 1997. The order imposing sanctions began by reviewing the proceedings as described above, and then reads as follows:
 Under Civ.R. 37, where a party fails to obey an order to provide or permit discovery, the court "may make such orders in regard to the failure as are just * * *." Included in the options available to the court is "an order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order." Civ.R. 37(B)(2)(a).
 The court finds that such sanction is just, reasonable and appropriate under the circumstances.
 Therefore, at the trial of this case, upon request of defense counsel, the jury will be instructed to accept and consider the following as being conclusively proved facts in the same manner as any other facts established by the greater weight of the evidence, viz:
 1. Prior to trial, plaintiff and his coworkers met with plaintiffs' attorneys and paralegals to prepare for this lawsuit.
 2. At least one such meeting occurred before (a) the preparation of plaintiffs' answers to written interrogatories, (b) the deposition of plaintiff by defendants' counsel, and (c) the deposition of each co-worker.
 3. During each of those meetings, plaintiffs' attorneys or paralegals either gave to or showed plaintiff and the co-workers certain lists, photographs, or other items which disclosed the product name, manufacturer name, product type, product description, packaging description of use, time of use, and typical trade or job of the Armco workers who used the numerous products manufactured by defendants.
 4. Before, during, or immediately after the disclosure of that information to plaintiff and, or, the co-workers, plaintiffs' attorneys informed plaintiff and the co-workers that it would be to their advantage for them to name as many of the defendants' products as possible during their depositions.
 The foregoing instruction shall also be given to the jury in any other asbestos-related personal injury action in this county wherein court-ordered discovery of improper witness coaching techniques either has been or will be prevented by the objections of plaintiffs' counsel.
After the order quoted above was issued, the plaintiffs filed a notice of appeal to this court. However, the appeal was dismissed for the reason that it involved discovery matters and was thus not a final appealable order. See Donald Lee Abner v. A-Best Products Co., Inc. (Feb. 4, 1998), Butler App. No. CA98-01-010. See, also, State ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420. On February 23, 1998, the plaintiffs (relators) filed the subject original action in prohibition.
Relators contend that respondent exceeded his jurisdiction by imposing the sanctions set forth above. Relators contend that while respondent has jurisdiction to impose sanctions against counsel, he does not have jurisdiction to impose sanctions which affect the rights of the individual plaintiffs below. Relators contend that respondent's orders affect the rights of individual plaintiffs because they require, in advance and without a hearing, each of the individual plaintiffs to either (1) waive their attorney-client privilege, or (2) have the jury instructed that certain facts are conclusively proven when such facts are both untrue in general and unproven in each of the claimants' individual cases.
Moreover, relators contend that respondent's orders impact not only the rights of the individual plaintiffs who have already been deposed, but also the rights of plaintiffs who have not yet been deposed and will not be deposed for months or even years to come. According to the complaint, "[r]espondent has, therefore, exceeded [his] jurisdiction by sanctioning and punishing Relators based on incorrectly inferred and presumed misconduct by Relators' counsel in the Court below." Relators contend that respondent's orders violate their right to due process of law, and that respondent has improperly permitted invasion of their attorney-client privilege without a finding of actual fraud. Relators also contend that respondent improperly held them in contempt and imposed sanctions without first making a finding of probable cause to believe that there has been a fraud committed in each of relators' cases before the court and then conducting an in camera hearing.
Based upon the above alleged violations, relators seek a preemptory writ of prohibition declaring all of respondent's orders described above to be null and void, and a specific finding by this court that, based upon the record, there is no evidence of (1) a waiver of the attorney-client privilege by any of the relators or (2) any evidence of fraud in any of relators cases justifying an in camera inspection of privileged materials and/or testimony.
In order to obtain a writ of prohibition, a relator must show (1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ will result in injury for which there is no other adequate remedy at law. State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176. The proper function of a prohibition action is to prevent a court from exceeding its jurisdiction and not to prevent errors. Thus, prohibition will not lie to prevent an erroneous decision in a case where the court has jurisdiction. State ex rel. AFL-CIO v. Industrial Commission (1979), 58 Ohio St.2d 458. Prohibition will be granted only in the absence of a plain and adequate remedy at law where the action complained of represents either a clear usurpation of judicial power or an assumption of jurisdiction where none exists. State ex rel. Stefanick v. Marietta Municipal Court (1970), 21 Ohio St.2d 102.
The central issue in this case is whether respondent had jurisdiction to issue the orders in question. If he did, prohibition does not lie. Whether respondent's orders are proper or improper as a matter of law, or whether proper procedure was followed before issuing them, is of no moment with respect to the determination of whether relators are entitled to a writ of prohibition; these are issues to be decided on appeal. State ex rel. AFL-CIO; State ex rel. Board of County Commissioners v. Court of Common Pleas (1978), 54 Ohio St.2d 354.
Relators' jurisdictional argument is contained within the first cause of action set forth in the complaint. Relators contend that respondent's actions, "ostensibly taken pursuant to a trial court's jurisdiction to regulate the conduct of the attorneys appearing before it * * * and to protect the integrity of the proceedings," were beyond the jurisdiction of the court because they do not regulate the conduct of attorneys practicing before the court, but instead affect the individual rights of the claimants in the underlying cases. However, relators have cited no authority, and this court can find none, which draws a distinction between discovery sanctions which impact counsel and sanctions which impact litigants.
Respondent clearly has the inherent power as trial judge to supervise the proceedings before him to insure an orderly and efficient exercise of jurisdiction. Ziegler v. Wendel Poultry Service, Inc. (1993), 67 Ohio St.3d 10, rehearing denied,67 Ohio St.3d 1425; State ex rel. Butler v. Demis (1981),66 Ohio St.2d 123. See, also, Hannigan v. Irwin (1990),64 Ohio App.3d 768 (trial courts have inherent right to determine order of trials and to direct method of their management which is only surrendered by express constitutional provision or legislative enactment). The power to supervise proceedings includes the power to supervise discovery. State ex rel. Grandview Hosp. Medical Center v. Gorman (1990), 51 Ohio St.3d 94; Penn Central Transportation Co. v. Armco Corp. (C.P. 1971), 56 O.O.2d 295.
In the underlying case, the defendants filed several motions for protective orders based upon the conduct of plaintiffs' counsel at depositions and based upon the "How To Prepare For Your Deposition" memorandum that had been discovered in Texas. Respondent subsequently issued orders permitting defendants' counsel to inquire into witness preparation, and when said orders were not followed, respondent imposed sanctions pursuant to Civ.R. 37. None of respondent's actions can be characterized as a clear usurpation of judicial power or the assumption of jurisdiction where none exists. See State ex rel. Stefanick v. Marietta Municipal Court, 21 Ohio St.2d 102. Therefore, the petition for writ of prohibition must be denied.
We emphasize that, by denying relators' petition, we are not expressing any view as to the correctness of respondent's orders or determinations. We have only determined that there is not a clear want of jurisdiction and therefore a writ of prohibition will not issue. If there are errors in the orders issued by respondent, they are subject to review on appeal at the appropriate time. See State ex rel. Celebrezze v. Court of Common Pleas (1979), 60 Ohio St.2d 188.
Based upon the foregoing, respondent's motion to dismiss is with merit and the same is hereby GRANTED. This cause is hereby DISMISSED, with prejudice, costs to relators.
KOEHLER, P.J., WALSH and KERNS, JJ., concur.
Kerns, J., retired, of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.
[1] On or about May 7, 1998, respondent was relieved of responsibility for the asbestos law suits pursuant to an order by the Chief Justice of the Supreme Court of Ohio. At the present time, no judge has been appointed to succeed respondent.