I respectfully dissent from the majority's opinion, as it pertains to Assignments of Error One and Two, pursuant to my previous decision in Inre Joseph Nelson (Dec. 21, 1998), Stark App. No. 1998CA00037, unreported. In the Nelson case, this court concluded that a guardian adlitem may not be cross-examined because he or she would have to be sworn in and testify under oath, which is prohibited by R.C. 2151.414(C). Id. at 2. We further held that cross-examination of a guardian ad litem is not a legal right as the guardian ad litem's report is provided to the court and counsel during the dispositional phase of the case. Id.
The majority distinguishes the case sub judice, from the Nelson
decision, on the basis that the trial court admitted the guardian adlitem's report into evidence. The majority finds that once the trial court admitted the report into evidence, the trial court was required to permit appellant to cross-examine the guardian ad litem under the Rules of Evidence because Juv.R. 34(I) specifically provides that the Rules of Evidence shall apply in hearings on motions for permanent custody.
Clearly, a conflict exists between R.C. 2151.414(C), which does not permit a guardian ad litem's report to be submitted under oath and Juv.R. 34(I), which provides that the Rules of Evidence apply in hearings on motions for permanent custody. Section 5(B), Article IV of the Ohio Constitution grants the Ohio Supreme Court the power to promulgate and enact procedural rules. This section provides, in pertinent part:
 (B) The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. * * * All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.
By enacting Juv.R. 34 in 1972, the Supreme Court set forth procedural rules a court must follow in a dispositional hearing. I find Juv.R. 34 to be "procedural" in nature because it "* * * pertain[s] to the method of enforcing rights or obtaining redress." See In the Matter of Hattery
(Aug. 28, 1986), Marion App. Nos. 9-85-11 and 9-85-12, unreported, at 4. "In contrast, R.C. 2151.414 creates, defines and regulates the rights of the parties in a hearing for permanent custody, rather than being limited to the method of enforcing those rights." Id. Therefore, R.C. 2151.414 is "substantive" in nature. Id.
Further, pursuant to case law, where a conflict exists between court rules and a substantive statute, the statute must take precedence, even if the statute was enacted after the effective date of the conflicting court rules. Id. at 5, citing Meyer v. Brinsky (1935), 129 Ohio St. 371, paragraph two of the syllabus and Jones v. Garek (1954), 73 Ohio Law Abs. 38, paragraph one of the syllabus. Accordingly, I conclude R.C. 2151.414
takes precedence over Juv.R. 34(I) and therefore, a guardian ad litem may not be placed under oath.
I would overrule appellant's First and Second Assignments of Error and affirm the decision of the trial court because the trial court properly relied upon the Nelson case when it denied appellant's request to cross-examine the guardian ad litem.